UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Kandi Krusick**
647 Rangeline Road
Mosinee, WI 54455

       Plaintiff,

                              Case No.   16-cv-737

vs.

**Wisconsin Public Service**
**Corporation Life and Long**
**Term Disability Plan**
Registered Agent:
Chief Legal Officer
C/o Integrys Business Support, LLC
700 North Adams Street
Green Bay, WI 54307

and

**The Prudential Insurance Company of America**
Registered Agent:
CT Corporation System
8020 Excelsior Drive
Suite 200
Madison, WI 53717

       Defendants.

## COMPLAINT

The Plaintiff, Kandi Krusick, by Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Mosinee, Wisconsin.

2. Defendant, Wisconsin Public Service Corporation Life and Long Term Disability Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, The Prudential Insurance Company of America ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of New Jersey, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA §502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA §502(e)(2) and 28 U.S.C. §1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

8. During the course of Plaintiff's employment with Integrys Business Support, LLC, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

9. Defendants approved Plaintiff's claim for LTDI benefits.

10. Defendants have denied Plaintiff's LTDI benefits claim beyond July 27, 2016.

11. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

12. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

13. Plaintiff submitted all information requested by the Defendants.

14. Defendants failed to consider the issues raised in Plaintiff's appeal.

15. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

16. Defendants did not perform a "full and fair review" of Plaintiff's claim.

17. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

18. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

19. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

20. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

21. Defendants conducted a selective review of Plaintiff's medical records.

22. Defendants failed to adequately assess Plaintiff's employability before determining that she is not sufficiently disabled to qualify for benefits.

23. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

24. At all times material to this case, the Plan has remained in full force and effect.

25. Defendants' denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

26. The preceding paragraphs are reincorporated by reference as though set forth here in full.

27. Plaintiff has been disabled, as that term is defined by the Plan.

28. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the

administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

29. Defendants wrongfully denied LTDI benefits due to Plaintiff.

30. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

31. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

32. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

33. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

34. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

35. For these and other reasons, Defendants acted in violation of §502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Kandi Krusick, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

  B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

  C. Prejudgment interest;

  D. Reasonable attorney's fees and costs related to the action; and

  E. Such other and further relief that the Court deems just and equitable.

Dated: November 8, 2016

       **HAWKS QUINDEL, S.C.**

    By:  */s/ William E. Parsons*
      William E. Parsons, State Bar No. 1048594
      Email: wparsons@hq-law.com
      Lynn K. Lodahl, State Bar No. 1087992
      Email: llodahl@hq-law.com
      222 West Washington Avenue, Suite 450
      Post Office Box 2155
      Madison, Wisconsin 53701-2155
      Telephone: 608/257-0040
      Facsimile: 608/256-0236

      Attorneys for Plaintiff, Kandi Krusick